UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MARIA BAUTISTA, | ) | Civil Action No. 4:20-cv-3868-SAL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER CONSOLIDATING CASES** |
| | ) | |
| RUIZ FOOD PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant Ruiz Food Products, Inc.'s Consent Motions to Consolidate (ECF No. 16) the following actions for the Court's determination of whether Plaintiffs' claims are subject to mandatory arbitration:

1. Maria Bautista v. Ruiz Food Products, Inc., 4:20-cv-03868-SAL-TER

2. Ines Soler v. Ruiz Food Products, Inc., 4:20-cv-03869-SAL-TER

3. Cirila Gonzalez v. Ruiz Food Products, Inc., 4:20-cv-03870-SAL-TER

4. Carlos Flores v. Ruiz Food Products, Inc., 4:20-cv-03871-SAL-TER

5. Julia Castellanos v. Ruiz Food Products, Inc., 4:20-cv-03908-SAL-TER

6. Maria Landaverde v. Ruiz Food Products, Inc., 4:20-cv-03909-SAL-TER

7. Hector Jimenez v. Ruiz Food Products, Inc., 4:20-cv-03910-SAL-TER

8. Maria Ramirez v. Ruiz Food Products, Inc., 4:20-cv-03911-SAL-TER

9. Maria Martinez v. Ruiz Food Products, Inc., 4:20-cv-03912-SAL-TER

10. Berta Cazun v. Ruiz Food Products, Inc., 4:20-cv-03926-SAL-TER

11. Jose Martinez v. Ruiz Food Products, Inc., 4:20-cv-03928-SAL-TER

12. Maria Montas v. Ruiz Food Products, Inc., 4:20-cv-03935-SAL-TER

13.     Jorge Perez v. Ruiz Food Products, Inc., 4:20-cv-03936-SAL-TER

(collectively, the "Ruiz Food Cases").

The Ruiz Food Cases involve similar facts and identical causes of action. Plaintiffs allege that Defendant violated Title VII of the Civil Rights Act of 1964 (Title VII) by discriminating against, retaliating against, and subjecting Plaintiffs to a hostile work environment because of their respective Hispanic or Latino national origins.  Defendant maintains that the Plaintiffs' claims are subject to a binding Arbitration Agreement pursuant to which each Plaintiff has agreed to submit any and all claims arising out of or related to their employment with the company to arbitration. Plaintiffs challenge the enforceability of the Arbitration Agreements.

Rule 42(a) of the Federal Rules of Civil Procedure provides,

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Defendant represents that the basis upon which it will move to compel arbitration in each of these actions is the same, and the questions of enforceability which Plaintiffs will raise in response to the Motion to Compel Arbitration will be virtually identical. Further, Plaintiffs consent to consolidation of the above referenced cases.  Consolidation for the purposes of determining the arbitrability of these cases is appropriate and in the best interest of judicial economy.

Accordingly, Defendant's Motions to Consolidate (ECF No. 16) are **GRANTED**, and the above-referenced Ruiz Food cases shall be consolidated for purposes of determining whether Plaintiffs' claims are subject to mandatory arbitration.  The present case, Maria Bautista v. Ruiz Food Products, Inc., 4:20-cv-03868-SAL-TER, shall be designated the lead case and all future filings

should be filed in the present case.  Defendant shall file a single Motion to Compel Arbitration within thirty (30) days of the date of this Order.  Plaintiffs shall file a single brief in opposition to Ruiz Food's Motion to Compel Arbitration within fifteen (15) days after filing of the Motion.

**IT IS SO ORDERED.**

  s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 8, 2021
Florence, South Carolina