IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Maria Bautista, | ) | C.A. No. 4:20-cv-3868-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Ruiz Food Products, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States

Magistrate Thomas E. Rogers, III ("Report and Recommendation" or "Report"), made in

accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2) of the District of

South Carolina.[1]  This case is the designated lead case for thirteen (13) consolidated cases

regarding each individual Plaintiff's ("Plaintiffs") employment with Defendant Ruiz Food

Products ("Defendant" or "Ruiz Food").[2]  Plaintiffs allege that Defendant subjected them to

discrimination, retaliation, and a hostile work environment because of their Hispanic or Latino

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2]     By order dated September 8, 2021 (DE 18), the Court consolidated the following actions for purposes of determining whether Plaintiffs' claims are subject to mandatory arbitration: Maria Bautista v. Ruiz Food Products, Inc., 4:20-cv-03868; Ines Soler v. Ruiz Food Products, Inc., 4:20-cv-03869; Cirila Gonzalez v. Ruiz Food Products, Inc., 4:20-cv-03870; Carlos Flores v. Ruiz Food Products, Inc., 4:20-cv-03871; Julia Castellanos v. Ruiz Food Products, Inc., 4:20-cv-03908; Maria Landaverde v. Ruiz Food Products, Inc., 4:20-cv-03909; Hector Jimenez v. Ruiz Food Products, Inc., 4:20-cv-03910; Maria Ramirez v. Ruiz Food Products, Inc., 4:20-cv-03911; Maria Martinez v. Ruiz Food Products, Inc., 4:20-cv-03912; Berta Cazun v. Ruiz Food Products, Inc., 4:20-cv-03926; Jose Martinez v. Ruiz Food Products, Inc., 4:20-cv-03928; Maria Montas v. Ruiz Food Products, Inc., 4:20-cv-03935; Jorge Perez v. Ruiz Food Products, Inc., 4:20-cv-03936.

national origins, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et.

seq.  On October 6, 2021, Defendant filed a Motion to Dismiss or in the Alternative, Compel

Arbitration.  (DE 21.)  Defendant claims Plaintiffs "cannot pursue their claims in this Court

because they indisputably agreed to submit any and all controversies, disputes, or claims of any

nature arising out their employment relationship with Ruiz Foods to mandatory arbitration

pursuant to the terms of an Arbitration Agreement . . . ."  (Id.)  On July 7, 2022, the magistrate

judge filed the Report, recommending Defendant's motion be granted and the consolidated cases

be compelled to arbitrate the claims and are otherwise dismissed from this Court.  (DE 31.)  The

Report and Recommendation sets forth the relevant facts and legal standards, which this Court

incorporates herein without a full recitation.

Plaintiff purports to make numerous objections to the Report.  However, objections to the

Report and Recommendation must be specific.  Failure to file specific objections constitutes a

waiver of a party's right to further judicial review, including appellate review, if the

recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94

& n.4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver

rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to

focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"

Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn,

474 U.S. 140 (1985)).  "A general objection to the entirety of the magistrate judge's report is

tantamount to a failure to object."  Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).

"Likewise, a mere restatement of the arguments raised in the summary judgment filings does not

constitute an 'objection' for the purposes of district court review."  Nichols v. Colvin, 100 F. Supp.

3d 487 (E.D. Va. 2015).  In the absence of specific objections to the Report and Recommendation

of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds Plaintiffs' objections are non-specific or unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate their arguments.  While Plaintiffs articulate three objections (i.e., the Arbitration Agreement is Unconscionable and Illegal, Equitable Estoppel, and Statute of Frauds), Plaintiffs explicitly state in their purported objections that they "incorporate by reference the authority and argument originally submitted in their motion in opposition."  (DE 26.)  Furthermore, Plaintiffs proceed to restate, often word for word, various arguments made in their Memorandum in Opposition to Defendant's Motion to Dismiss/Compel Arbitration. (See DE 26, compare with DE 32.) Therefore, Plaintiffs' restated arguments "do not constitute [] 'objection[s]' for purposes of district court review.   See Nichols, 100 F. Supp. 3d at 497.   Likewise, the Magistrate Judge comprehensively and in detail addressed the issues surrounding these objections in the Report.[3] (DE 31.)

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein as modified.  Therefore, Defendant's Motion to Dismiss, or in the Alternative, Compel Arbitration

---

[3]     The Court notes the Report's reliance on Towles v. United Healthcare Corp., 524 S.E.2d 839, 845 n. 4 (S.C. Ct.App. 1999) stating ". . . an employee's continued employment constituted acceptance and sufficient consideration to make arbitration agreement binding" in response to Plaintiffs' Statute of Frauds objection.  (DE 31, p. 12.)  "Most employment contracts are unilateral."  Towles v. United Healthcare Corp., 524 S.E.2d at 844.  The Report found that ". . . on March 28, 2019, a memorandum was issued to these employees which states that [b]y continuing to work at Ruiz Food Products, Inc., you are deemed to have accepted the complete terms stated in the [ ] Arbitration Agreement . . . ." (DE 31, pp. 10-11.)  While Plaintiffs argue that three employees did not sign the Arbitration Agreement, "[a] unilateral contract has the following three elements: 1) a specific offer, 2) communication of the offer to the employee, and 3) performance of job duties in reliance on the offer.  (Citation omitted).  There is no mutuality of obligation in a unilateral contract; there is only one promisor and one promisee for whom the contract creates a legally enforceable right."  Id.  Therefore, this objection is equally overruled.

3

(DE 21) is **GRANTED**, and the consolidated cases are compelled to participate in arbitration and

are hereby dismissed.

      **IT IS SO ORDERED.**

                                      Joseph Dawson, III

                                      United States District Judge

Florence, South Carolina
August 26, 2022